IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. HICKMAN,

             Plaintiff,                     No. CIV S-09-2352 EFB P

      vs.

JAMES WALKER, et al.,

             Defendants.               <u>ORDER</u>

_____/

      Michael D. Hickman, an inmate confined at the California Substance Abuse Treatment Facility and State Prison at Corcoran ("Corcoran"), filed this pro se civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.      Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

1   § 1915(b)(1) and (2).

2   **II.    Screening Order**

3          Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

4   which a prisoner seeks redress from a governmental entity or officer or employee of a

5   governmental entity." 28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

6   claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

7   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

8   from a defendant who is immune from such relief."  *Id.* § 1915A(b).

9          A district court must construe a pro se pleading "liberally" to determine if it states a

10   claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

11   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

12   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

13   action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct.

14   1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

15   must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

16   plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

17          A claim has facial plausibility when the plaintiff pleads factual content that allows
        the court to draw the reasonable inference that the defendant is liable for the
18          misconduct alleged. The plausibility standard is not akin to a "probability
        requirement," but it asks for more than a sheer possibility that a defendant has
19          acted unlawfully. Where a complaint pleads facts that are merely consistent with a
        defendant's liability, it stops short of the line between possibility and plausibility
20          of entitlement to relief.

21   *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

22   framework of a complaint, they must be supported by factual allegations, and are not entitled to

23   the assumption of truth.  *Id.* at 1950.

24          The Civil Rights Act under which this action was filed provides:

25          Every person who, under color of [state law] . . . subjects, or causes to be
        subjected, any citizen of the United States . . . to the deprivation of any rights,
26          privileges, or immunities secured by the Constitution . . . shall be liable to the

2

1    party injured in an action at law, suit in equity, or other proper proceeding for
2    redress . . . .

3    42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

4    establish the defendant's personal involvement in the constitutional deprivation or a causal

5    connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

6    *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

7    (9th Cir. 1978)

8         The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

9    does not state a cognizable claim against any defendant.  Plaintiff's complaint names James

10   Walker, L. Ingellenner, M. Voulgarelis, and Jacqueline B. Tinetti as defendants.  Plaintiff alleges

11   that when his property was confiscated in his transfer to Corcoran, his Sony radio and

12   headphones went missing.  Compl. at 3.  According to plaintiff, defendant Voulgarelis

13   inventoried and packed his property.  *Id.*  When he discovered his radio and headphones were

14   missing, he submitted an administrative complaint.  *Id.*  Defendant Ingellenner interviewed

15   plaintiff regarding the complaint, but falsely recorded that the items were brands Panasonic and

16   Coss rather than Sony.  *Id.*  Defendant Walker denied plaintiff's complaint at the second level of

17   review.  *Id.*  Defendant Tinetti, employed by the California Victim's Compensation and

18   Government Claims Board ("the Board"), denied plaintiff's request to file a late application with

19   the Board.  *Id.*

20        Based on plaintiff's allegations, it appears that he intends to state a claim against

21   defendants Walker, Ingellenner, Voulgarelis, and Tinetti under the Due Process Clause.  The

22   Due Process Clause protects prisoners from being deprived of property without due process of

23   law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and prisoners have a protected interest in

24   their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  The U.S. Supreme

25   Court has held, however, that "an unauthorized intentional deprivation of property by a state

26   employee does not constitute a violation of the procedural requirements of the Due Process

Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).  California provides an adequate postdeprivation remedy for prisoners alleging property loss.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Plaintiff has not alleged that the confiscation of his property was authorized and therefore actionable under § 1983, nor has plaintiff alleged any facts suggesting that he was deprived of due process.  Plaintiff therefore fails to state a claim upon which relief may be granted for violation of the Fourteenth Amendment.

As to plaintiff's possible additional claim that defendant Tinetti violated California law in denying his request to file a late claim with the Board, a "claim for violation of state law is not cognizable under § 1983."  *Cornejo v. County of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007).

Thus, to proceed plaintiff must file an amended complaint.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely

1  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

2  plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

3  these instructions.

4          Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended

5  complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

6  allegations and that for violation of this rule the court may impose sanctions sufficient to deter

7  repetition by plaintiff or others. Fed. R. Civ. P. 11.

8          A prisoner may bring no § 1983 action until he has exhausted such administrative

9  remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

10  *v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his

11  claims are warranted by existing law, including the law that he exhaust administrative remedies,

12  and that for violation of this rule plaintiff risks dismissal of his entire action

13          Accordingly, the court hereby orders that:

14          1. Plaintiff's request to proceed in forma pauperis is granted.

15          2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in

16  accordance with the notice to the Director of the California Department of Corrections and

17  Rehabilitation filed concurrently herewith.

18          3. The complaint is dismissed with leave to amend within 30 days. The amended

19  complaint must bear the docket number assigned to this case and be titled "First Amended

20  Complaint." Failure to comply with this order will result in this action being dismissed. If

21  plaintiff files an amended complaint stating a cognizable claim the court will proceed with

22  service of process by the United States Marshal.

23  Dated: August 26, 2010.

24

25  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

26