IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. HICKMAN,

       Plaintiff,                    No. CIV S-09-2352 EFB P

     vs.

JAMES WALKER, et al.,

       Defendants.              ORDER

_____/

      Michael D. Hickman, an inmate confined at the California Substance Abuse Treatment Facility and State Prison at Corcoran ("Corcoran"), filed this pro se civil rights action under 42 U.S.C. § 1983. On August 26, 2010, the court dismissed plaintiff's complaint with leave to amend. Dckt. No. 8. On September 27, 2010, plaintiff filed a first amended complaint. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). For the reasons set forth below, the court finds that plaintiff's amended complaint fails to state any claims for which relief can be granted under § 1983 and accordingly will dismiss this action with prejudice.

////

////

1

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts

establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. Plaintiff's amended complaint names James Walker, L. Engellenner, and M. Voulgarelis as defendants. Plaintiff alleges that when his property was confiscated in his transfer to Corcoran, his Sony radio and headphones went missing. Am. Compl. at 2. According to plaintiff, defendant Voulgarelis inventoried his property, but falsely recorded that the items were Panasonic brand rather than Sony. *Id.* When plaintiff discovered that his radio and headphones were missing, he submitted an administrative complaint. *Id.* Defendant Engellenner denied the complaint. *Id.* Defendant Walker denied plaintiff's complaint at the second level of review. *Id.* at 3. During the administrative appeals process, defendants accused plaintiff of obtaining the radio by illegal means. *Id.* at 3-4.

Plaintiff claims that defendants, through the above-summarized acts, violated his due process rights and defamed him. The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The U.S. Supreme Court has held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

3

*Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). California provides an adequate postdeprivation remedy for prisoners alleging property loss. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

The court informed plaintiff in its prior screening order that he had failed to allege that the confiscation of his property was authorized and therefore actionable under § 1983 and had not alleged any facts suggesting that he was otherwise deprived of due process. Plaintiff's amended complaint fails to cure these deficiencies. Rather, plaintiff alleges that the confiscation of the radio was in contravention of state regulations, indicating that it was, in fact, unauthorized. Plaintiff therefore fails to state a claim upon which relief may be granted for violation of the Fourteenth Amendment's Due Process Clause.

As to plaintiff's new claim that defendants have defamed him, defamation is a state-law cause of action rather than a claim under the federal Constitution, and a "claim for violation of state law is not cognizable under § 1983." *Cornejo v. County of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007). The court informed plaintiff in its prior screening order that state-law claims are not cognizable under § 1983.

Because plaintiff has been given the opportunity to amend his complaint and has failed to cure the deficiencies noted in the original screening order, and because the facts alleged in the amended complaint indicate that plaintiff's claims are not cognizable under § 1983 and that no amendment can bring the claims within that statute's ambit, leave to amend will be denied. *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

////

////

////

1   Accordingly, it is hereby ORDERED that this action is dismissed with prejudice for
2 plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A. Plaintiff's motions for discovery
3 (Dckt. No. 12) and for an injunction (Dckt. No. 16) are denied as moot.
4 Dated: October 18, 2010.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE